UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN SHOCKLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OSCAR YOUNG,<br><br>　　　　　Defendant. | No.  2: 15-cv-2157 KJN P<br><br><br>ORDER |

　　　　Plaintiff is a prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3    § 1915(b)(2).
4        The court is required to screen complaints brought by prisoners seeking relief against a
5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
16   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
17   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
18   1227.
19       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
20   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
22   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
23   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
24   formulaic recitation of the elements of a cause of action;" it must contain factual allegations
25   sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific
26   facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what
27   the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93
28   (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

1  In reviewing a complaint under this standard, the court must accept as true the allegations of the
2  complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most
3  favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
4  grounds, Davis v. Scherer, 468 U.S. 183 (1984).
5       The only named defendant is Oscar Young.  Plaintiff alleges that defendant Young has
6  repeatedly assaulted him.  However, it is unclear who defendant Young is.
7       In order to state a claim under § 1983, a plaintiff must allege that:  (1) defendant was
8  acting under color of state law at the time the complained of act was committed; and (2)
9  defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the
10 Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48
11 (1988).
12      If defendant Young is an employee of the Sacramento County Jail, where plaintiff is
13 incarcerated, defendant Young most likely acted under color of state law when he committed the
14 alleged assaults.  However, if defendant Young is a private citizen, then defendant Young most
15 likely did not act under color of state law when he committed the alleged assaults.  Without
16 knowing whether defendant Young is employed at the jail, or whether he is a private citizen, the
17 undersigned cannot determine whether plaintiff has stated a potentially colorable claim for relief.
18 For this reason, the complaint is dismissed with leave to amend.  If plaintiff files an amended
19 complaint, he must clarify this matter.
20      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
21 about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.
22 Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each
23 named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is
24 some affirmative link or connection between a defendant's actions and the claimed deprivation.
25 Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743
26 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil
27 rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
28 ////

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  October 30, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Shock2157.14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   IVAN SHOCKLEY,                          No. 2: 15-cv-2157 KJN P
12            Plaintiff,
13       v.                                  NOTICE OF AMENDMENT
14   OSCAR YOUNG,
15            Defendant.
16
17       Plaintiff hereby submits the following document in compliance with the court's order
18   filed_____.
19        _____         Amended Complaint
     DATED:
20
21                                           _____
                                             Plaintiff
22
23
24
25
26
27
28